UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ORIYOMI SADDIQ ALOBA,**

    Petitioner,

v.                              Case No: 5:24-cv-27-WFJ-PRL

**WARDEN, FCC COLEMAN 1,**

    Respondent.

_____

### ORDER

This cause comes before the Court on Petitioner's "Motion for Reconsideration." (Doc. 7).

### Background

In January 2024, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). His petition asserted that he was being detained under a fictitious identity and claimed that the Bureau of Prisons ("BOP") was improperly calculating his sentence. (Doc. 1 at 6–8). Specifically, he contended that the BOP incorrectly calculated his credit for time served in jail, is denying him release to a halfway house and improperly denied him good conduct time. *Id*.

On January 19, 2024, Petitioner was directed to file a completed Application to Proceed *in forma pauperis*, Prisoner Consent form, and Financial Certificate within 30 days if he wished to proceed as a pauper. (Doc. 4). Petitioner failed to comply, and the case was dismissed on March 1, 2024. (Doc. 5).

## Analysis

Petitioner does not cite a rule of procedure that permits the relief he seeks in his motion. *See* Doc. 7 at 1. However, the Eleventh Circuit has recognized that, after entry of final judgment, a party seeking reconsideration of an order proceeds under "either Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment or order)." *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). A motion to alter or amend a judgment, pursuant to Rule 59(e), must be filed within twenty-eight days of entry of the judgment. *See* Fed. R. Civ. P. 59(e). Because Petitioner filed his motion beyond the twenty-eight day window, the Court will construe his motion as one seeking relief under Rule 60(b). *See Succullo v. United States*, No. 8:16-CV-410-T-36TBM, 2017 WL 6383984, at *2 (M.D. Fla. Oct. 3, 2017) (explaining that motions for reconsideration filed within twenty-eight days of a court's judgment fall under Rule 59(e), while those filed after the twenty-eight-day period fall under Rule 60(b)); *see also Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir.1997) ("A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P. 59 or 60—regardless of how the motion is styled by the movant- depending on the type of relief sought."); *Mahone v. Ray*, 326 F.3d 1176, 1178, n.1 (11th Cir. 2003).

District courts are afforded considerable discretion to reconsider prior decisions. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District

recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

In his motion, Petitioner requests an evidentiary hearing and to conduct discovery to challenge to validity of his conviction. (Doc. 7 at 1–2). Petitioner has not raised any arguments warranting reconsideration or amendment of the judgment dismissing his petition.

## Conclusion

Petitioner's Motion (Doc. 7) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on July 22, 2024.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Pro Se Party