UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ORIYOMI SADDIQ ALOBA,**

    Petitioner,

v.                                            Case No: 5:24-cv-27-WFJ-PRL

**WARDEN, FCC COLEMAN 1,**

    Respondent.

_____

**ORDER**

This cause comes before the Court on Petitioner's "Emergency and Time Sensitive Motion for Suspension of Local Rules" (Doc. 9), "Petition to Reverse Judgment for Fraud Upon the Court Federal Civil Rule 60(b)(2), 60(b)(3), 60(b)(4)" (Doc. 10) and "Motion to Amend and to Additional Claim" (Doc. 11).

**Background**

In January 2024, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). His petition asserted that he was being detained under a fictitious identity and claimed that the Bureau of Prisons ("BOP") was improperly calculating his sentence. (Doc. 1 at 6–8). Specifically, he contended that the BOP incorrectly calculated his credit for time served in jail, is denying him release to a halfway house and improperly denied him good conduct time. *Id.*

On January 19, 2024, Petitioner was directed to file a completed Application to Proceed *in forma pauperis*, Prisoner Consent form, and Financial Certificate within 30

days if he wished to proceed as a pauper. (Doc. 4). Petitioner failed to comply, and the case was dismissed on March 1, 2024. (Doc. 5). Petitioner moved for reconsideration, requesting an evidentiary hearing and to conduct discovery to challenge the validity of his conviction. (Doc. 7). On July 22, 2024, the motion was denied. (Doc. 8).

## Analysis

### Motion to Suspend Local Rules (Doc. 9)

Rule 1.01(b), Local Rules, permits a judge to temporarily modify or suspend the application of any local rule "[i]f reasonably necessary to achieve the purpose of" the Local Rules. Petitioner seeks the suspension of Local Rules 6.03 and 6.04, because he claims those rules are denying him access to the Courts. (Doc. 9 at 3–4). Local Rules 6.03 and 6.04 address *in forma pauperis* actions and actions by a person in custody, respectively.

The clerk of court shall require the party instituting an action in federal district court to pay a filing fee. 28 U.S.C. § 1914(a). The filing fee for an application for a writ of habeas corpus is $5. *Id*. Further, 28 U.S.C. § 1915 spells out the procedures for a litigant to proceed *in forma pauperis*. Therefore, even if Local Rules 6.03 and 6.04 were suspended, Petitioner would still have to comply with 28 U.S.C. §§ 1914(a) and 1915. Petitioner's Motion (Doc. 9) is **DENIED**.

### Second Motion for Reconsideration (Doc. 10)

District courts are afforded considerable discretion to reconsider prior decisions. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)

(discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). "Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000).

Petitioner seeks reconsideration of the order denying him an evidentiary hearing. (Doc. 10 at 1). Petitioner has not raised any arguments warranting reconsideration of the order denying him an evidentiary hearing. Further, the ultimate relief Petitioner pursues, "the declaratory judgement that petitioner is not a prisoner under the constitution of laws of the United States…," *id.* at 12, cannot be brought under 28 U.S.C. § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (*en banc*) (if the prisoner's claim merely challenges the validity of his sentence, he cannot proceed under § 2241 because he could raise this claim in a § 2255 motion). Petitioner's second motion for reconsideration (Doc. 10) is **DENIED**.

### Motion to Amend and to [sic] Additional Claim (Doc. 11)

Finally, Petitioner seeks to amend his petition to bring a First Amendment claim. (Doc. 11). Federal law opens two main avenues to relief on complaints related

to imprisonment: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). The fundamental purpose of a habeas proceeding is to allow a person in custody to attack the legality of that custody, and the "traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). For example, when a prisoner makes a claim that, if successful, would invalidate his conviction or shorten his sentence, the claim must be brought as a habeas petition, not as a civil rights claim. *See Edwards v. Balisok*, 520 U.S. 641, 645-46 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994). In contrast, when a prisoner claims that he is being subjected to unconstitutional punishment not imposed as part of his sentence, for example, being confined in conditions that pose a substantial risk of serious harm to his health, the claim is properly raised in a civil rights action. *See Muhammad*, 540 U.S. at 750 (requests for relief relating to the circumstances of confinement may be presented in a civil rights action, while challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (claims challenging the conditions of confinement "fall outside th[e] core [of habeas corpus]" and may be brought in a civil rights action); *see also Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("The line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim is based on the effect of the claim on the inmate's conviction and/or sentence.").

Petitioner's motion to amend (Doc. 11) is **DENIED**. Petitioner cannot bring a

First Amendment Claim in a habeas proceeding.

## Conclusion

Petitioner's Motions (Docs. 9, 10, 11) are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 4, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Pro Se Party